## A. WALKER VALE v. GEORGE L. TRADER.
### No. 133.

1. CIVIL PROCEDURE — *amendment to answer during trial setting up counterclaim works continuance.* Where the plaintiff sued to recover upon various items of account and damage, and the defendant answered admitting some of the claims and denying others, and setting up various items of set-off and counterclaim, to which plaintiff replied by general denial, and upon such pleadings the parties went to trial by a jury, and after the plaintiff had rested, and the defendant had begun his evidence, the defendant was allowed, over the objection of the plaintiff, to file an amendment to his answer setting up an entirely new item of counterclaim, the plaintiff should have been allowed time to plead to said amendment, or at least to procure evidence thereon.

2. LANDLORD AND TENANT — *tenant not entitled to rebate for value of use of house accidentally destroyed.* Where T. rents of V. a farm, and the only reference to the dwelling house, which was afterward burned, is as follows: "Said V. hereby agrees to repair

the tenant house — now on said premises and now occupied by Wm. Spratford — for the use of said T.,'' and said house is during the term of said lease destroyed·by fire without the fault of either party, T. cannot recover of V. the value of the use of said house for the remainder of the term after the fire.

Error from Jewell District Court. Hon. Cyrus Heren, Judge. Opinion filed March 22, 1897. *Reversed*.

The plaintiff in error as plaintiff below brought this action in the District Court of Jewell County, against the defendant in error, on a written lease of lands, setting up damages arising from a failure to cultivate the land properly, allowing it to become seeded to noxious weeds, the conversion of certain farm implements which under the lease plaintiff had furnished defendant, negligence which resulted in burning the dwelling, and other claims amounting in all to $920.50.

The defendant met this claim with a general denial and a set-off of $31.79. Plaintiff then replied with a general denial. The trial proceeded, and plaintiff rested. The defendant introduced part of his evidence and then asked and was granted leave of the court to amend his answer by setting up a claim for damages because of the house having been burned, and for the rental value of it from the time it burned to the expiration of the lease. To this defense the plaintiff demurred. The demurrer was overruled. Again the trial proceeded and the defendant introduced more evidence. Before defendant rested he asked, and was granted, leave to amend his answer a second time. This was done over the objection of plaintiff in error. The defendant, for his second amendment, struck out the first amendment and inserted a defense in lieu thereof in which he admitted that he had not husked

and cribbed plaintiff's corn, and that he had not. taken care of plaintiff's stock, as alleged by the plaintiff, and he set up a claim of one hundred dollars as difference in the rental value of the farm with and without the house.   To this counsel for plaintiff demurred.   The demurrer was overruled, and plaintiff, asked, but was refused, a continuance of the cause for ten days.   The trial proceeded and resulted in a verdict for the defendant for a small sum.

*T. S. Kirkpatrick*, and *Ira F. Hodson*, for plaintiff in error.

*M. R. Sutherland*, for defendant in error.

WELLS, J.  We shall consider but two of the many assignments of error, as they seem to furnish the principal grounds for complaint; and under our view of the law, the plaintiff is entitled to a new trial.

*First*.  Did the court err in permitting the defendant to make his amendments to his answer after the plaintiff had rested his case, and then requiring the plaintiff to proceed to trial without time to prepare his defense thereto?

*Second*.  Did the court err in its instructions to the jury?

Both of these questions must be answered in the affirmative.   Our courts have been extremely lenient in regard to permitting amendments to pleadings in the furtherance of justice.   Section 139 of the Civil Code (¶ 4222, Gen. Stat. 1889) reads as follows:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other alle-

gations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

We do not think that these amendments come within that section, as it does change substantially the defense. At any rate, the court should have allowed the plaintiff a reasonable time in which to prepare to meet the new claim. Under the circumstances of this case, we are of the opinion that the plaintiff should have been allowed reasonable time.

The principal question in this case, as tried by the court below, was in relation to the respective rights and claims of the parties for damages on account of the burning of the house. The case of *Whitaker v. Hawley* (25 Kan. 674) was relied upon by the defendant in error and the court as decisive of this branch of the case. But that case and this are very dissimilar. The court in that case raised the question — but did not settle it — as to whether the doctrine of the old common law, that upon a covenant to pay rent in a lease of lands and buildings for a term of years, the rent may be recovered notwithstanding the total destruction by accidental fire of the buildings, is in force in this State. But admitting that it is not, still we fail to find any theory under which the defendant in this case was entitled to any rebate on account of such accidental destruction. In fact the reasoning in that case is wholly against the defendant's right in this case to recover therefor. The principle laid down in that case, as stated by Mr. Justice Brewer in the second section of the syllabus, is as follows:

"Where by a single instrument real and personal

property are leased for a gross rental, and the personalty is a substantial part of the leased property, upon a total destruction by accidental fire the lessee is entitled to an abatement of the rent equal to the proportionate rental value of the personalty."

In the case at bar, the only reference to the house in controversy, which was not personalty, was as follows : "Said A. W. Vale hereby agrees to repair the tenant house — now on said premises, and now occupied by Wm. Spratford — for the use of said George L. Trader." This the parties agree was done, and, taking the whole contract, and the facts and circumstances as developed by the evidence, it is impossible to say that the house, should we consider it as personal property, was a substantial part of the leased property for which the rent was paid. The consideration for the lease was one-half the corn raised on the premises, which Mr. Trader was to receive for working the land, and the house was only an incidental part of the transaction. It is impossible to say how much, if anything, it added to the rental value of the land, or to determine how much of the crop raised on the cultivated land could have been secured by the landlord were no house on the premises. The damage resulting from the destruction of the house was too conjectural and indefinite to authorize a recovery therefor.

The judgment of the court below will be reversed and a new trial ordered.